UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, as Subrogee of Hsimin
Huang,

CASE NO. 08-12402
HON. MARIANNE O. BATTANI

          Plaintiff,

v.

BMW OF NORTH AMERICA, LLC,

          Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Leave to Amend Complaint (Doc. No. 30). Plaintiff asks the Court for leave to add BMW Manufacturing Co., LLC (BMW Manufacturing) as a Defendant. For the reasons that follow, the Court GRANTS the motion.

**I. FACTUAL BACKGROUND**

Plaintiff State Farm, as Subrogee of Hsimin Huang, brings this automotive product liability action arising out of a September 12, 2005, fire involving Huang's 2001 BMW X5. The vehicle burst into burst into flames while parked in the garage. Plaintiff filed suit against BMW of North America, LLC (BMW) on April 14, 2008, asserting claims of negligence and breach of warranty, and violations of the Michigan Consumer Protection Act (MCPA), MICH. COMP. Laws § 445.904(1)(a).

In its Answer to the Complaint, Defendant notified Plaintiff that it was not the manufacturer of the vehicle. According to Plaintiff's counsel, he then contacted counsel for BMW to ascertain whether it would stipulate to adding another BMW company. Plaintiff did

not receive a response until January 2009. BMW Manufacturing is the division of BMW that manufactured the steering column.

The limitation period for a product liability action is three years. MICH. COMP. LAWS § 600.5805(13). Consequently, the last day Plaintiff could file a claim arising out of the vehicle fire was September 12, 2008. Plaintiff filed its motion in March 2009. The parties dispute whether the proposed amendment, which is barred by the statute of limitations, may be deemed timely under the relation back provision of Federal Rule of Civil Procedure 15(c).

## II. STANDARD OF REVIEW

Although leave to amend a pleading shall be freely given "when justice so requires." FED. R. CIV. P. 15(a), the determination is made in light of factors such as undue delay in filing, undue prejudice to the opposing party, and futility of the amendment. Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989). Moreover, a plaintiff may amend a complaint after the statute of limitations has run only if the amendment relates back to the original pleading's date. See FED. R. CIV. P. 15(c).

## III. ANALYSIS

To determine whether an amendment relates back, the courts apply Rule 15(c). Under the rule, when an amendment "changes the party or the naming of the party against whom a claim is asserted," an amended complaint relates back when the claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading; the party to be brought in received notice of the action within "the period provided by Rule 4(m) for serving the summons and complaint" so that it would "not be prejudiced in defending on the merits;" and the party to be brought in "knew or should have known that the action would

have been brought against it but for [the plaintiff's] mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C).

The parties disagree as to whether State Farm can show there was a mistake concerning the identity of the proper party. Defendant asserts that under case law interpreting this provision, a plaintiff may not add a new party. This Court agrees that under Sixth Circuit authority, a new party may not be added after the statute of limitations has run. See, e.g., Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973) (holding that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations"). Accordingly, the issue is how best to characterize the proposed amendment here.

The appellate court cases interpreting Rule 15(c)(1)(C) are factually distinguishable from the case at hand. For example, in Marlow, the plaintiff initially sued his employer for civil rights violations. After the statute of limitations had expired, he sought to amend his complaint to add a claim against his union, asserting it had colluded with the employer and thus failed its duty to represent him in good faith. The plaintiff's theory of liability against the union was separate and distinct from his claim against his employer. Accord Smart v. Ellis Trucking Co., 580 F.2d 215, 218 (6th Cir.1978) (distinguishing the wrongful discharge claim against the plaintiff's employer, which was timely filed, from the time-barred claims of breach of duty of fair representation and conspiracy asserted in the plaintiff's motion to add the union as a defendant ). A similar result was reached in a case in which a chapter 7 trustee sought leave to amend an avoidance action to join an unemployment insurer as a defendant. Because the trustee only sued the insurance broker, who retained only a five percent commission, the trustee sought to add the insurer, which had received the premium

3

within ninety days of the filing of the bankruptcy petition. The appellate court affirmed the lower court's determination that Rule 15(c) did not authorize the amendment. In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1450 (6th Cir. 1991).

In contrast to those cases, here the allegations in the complaint demonstrate that Plaintiff brought suit against the manufacturer of the defective vehicle, not just the supplier. In essence, State Farm is asking to replace BMW with BMW Manufacturing as to those claims seeking recovery for the manufacture of a defective product. The pleadings distinguish this case from those upon which Defendant relies, and this Court finds the characterization of the amended pleading is governed by Ringrose v. Engelberg Huller Co., 692 F.2d 403 (6th Cir. 1982). In Ringrose, the plaintiff brought a personal injury action against the defunct manufacturer of a machine. After the statute of limitations had run, the plaintiff added two successor corporations as defendants. The appellate court characterized the amended pleading as correcting a misnomer rather than adding a new party. Consequently, it remanded the matter to the district court for consideration of the issue of timely notice.

In the case before this Court, as in Ringrose, State Farm advances no new claims, and no new theories of liability. The facts and proposed amendment are better analogized to those in Ringrose, than to Marlow, wherein the union was clearly a "new" party, sued under a new theory of liability. Therefore, the Court finds that Rule 15(c)(3) applies to the proposed amended complaint, which merely rectifies State Farm's misidentification of Defendant as the manufacturer and supplier. The allegations in Plaintiff's complaint demonstrate that it was proceeding on a claim against the manufacturer. There are no facts before this Court to suggest that Plaintiff failed to identify BMW Manufacturing to gain

a strategic advantage. The rule clearly authorizes an amendment changing the naming of the party against whom a claim is asserted. There is no contention that BMW Manufacturing did not receive notice of the action. Further, the record shows that BMW Manufacturing knew or should have known that but for the mistake concerning its identity, Plaintiff would have brought suit against it.

Nor does the Court find the decision in Rhodman v Church's Fried Chicken, No. 05-73610, 2006 WL 2990502 (E.D. Mich. October 19, 2006), persuasive. Defendant's reliance is misplaced given the procedural and factual distinctions between that case and the case before this Court. In Rhodman, the plaintiff named the franchisor rather than the franchisee as the defendant in her complaint. The counsel for the defendant in that case subsequently identified the proper party to the plaintiff's counsel, the parties stipulated to the dismissal of the franchisor, and the district court had granted the plaintiff leave to amend the complaint to add the franchisee. Months later, after the district court entered an order to show cause why the action should not be dismissed for lack of prosecution, and the statute of limitations passed, plaintiff filed an amended complaint.

The initial defendant in Rhodman was a separate and distinct entity whereas here BMW Manufacturing is a related defendant–a division of BMW. The relationship between Defendant and proposed defendant standing alone sufficiently distinguish this case, however, additional factual differences undercut Defendant's reliance on Rhodman. Specifically, in Rhodman, the plaintiff had received a letter identifying the proper defendant. In contrast, here, there is no evidence that BMW had identified BMW Manufacturing as the "proper" defendant, BMW merely stated that it was not the manufacturer. Finally, counsel for Plaintiff never received a response to its request for a stipulation to bring BMW

Manufacturing into this lawsuit until long after the statute of limitations had run. Had Defendant's counsel stated BMW was unwilling to stipulate before the expiration of the limitation period or had this Court granted Plaintiff leave to amend before that time, the district court's reasoning in Rhodman would be more persuasive. Once Plaintiff received a negative response to its request for a stipulation, Plaintiff moved to amend.

In sum, the plain language of Rule 15(c)(1)(C) is satisfied. Here, the proposed amendment, which changes the party or the naming of the party against whom a claim is asserted, relates back.

In the alternative, Defendant argues amendment is futile. To that end, Defendant raises the arguments it raised unsuccessfully in its request for summary judgment. Accordingly, the Court does not readdress the merits here.

### IV.  CONCLUSION

For the reasons stated, Plaintiff's Motion to Amend Complaint is **GRANTED.** Plaintiff shall file its amended complaint on or before August 28, 2009.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date:  August 7, 2009

6

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

<u>s/Bernadette M. Thebolt</u>
Deputy Clerk